IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMY MILLS | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-1940 |
| | § | |
| J & MB, LP d/b/a KWIK KAR AT | § | |
| CHAMPIONS and JOSEPH | § | |
| BORDONARO, | § | |
|     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act ("FLSA"), brought to recover unpaid overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Jeremy Mills by Defendants, their subsidiaries, and affiliated companies.

### Parties

1. Plaintiff Jeremy Mills ("Mills") a former employee of the Defendants, as that term is defined by the FLSA. He is represented by the undersigned.

2. Defendant J & MB, LP d/b/a Kwik Kar at Champions ("Kwik Kar") is a Texas limited partnership that employed the Plaintiff, and is an "enterprise" as that term is defined by the FLSA. With respect to Plaintiff, Kwik Kar is subject to the provisions of the FLSA, as it was at all relevant times or was part of an enterprise engaged in interstate commerce. Defendant Kwik Kar may be served with process through its registered Joseph Bordonaro at 1022 Windsor Chase Lane, Spring, Texas 77373, or wherever he may be found.

3. Defendant Joseph Bordonaro ("Bordonaro") is an individual who was also Plaintiff's employer. With respect to Plaintiff, Bordonaro is subject to the provisions of the FLSA, as he was at all relevant times or was part of an enterprise engaged in interstate commerce. Defendant Bordonaro may be served with process at 1022 Windsor Chase Lane,

Spring, Texas 77373, or wherever he may be found.

### Jurisdiction and Venue

4. This Court has federal question jurisdiction under the FLSA. Venue is proper in this District because the parties reside in Harris County. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, conducting business in interstate commerce, including via interstate highways, broadband, and telecommunications networks. Plaintiff was also individually engaged in commerce and his work was essential to Defendants' business. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes).

### Factual Allegations

5. Mills worked as a manager for Defendants from May of 2015 until January of 2016. As a manager for Defendants, Plaintiff's duties consisted of, but were not limited to, overseeing the daily operations of the shop, supervise mechanics working on site, interact with customers regarding questions, complaints and other inquiries about repairs and maintenance of their vehicles. When he first went to work for Defendants, Plaintiff was a part-time employee. Soon, however, Mills was hired as a full-time manager, after which he consistently worked over 40 hours per week, and frequently 55 or more hours per week. Plaintiff was paid on an hourly basis, and was not paid the required overtime premium for those hours worked over 40 hours per workweek; instead, Plaintiff was paid the same hourly wage for all hours worked during workweek, including the hours worked over 40 in each workweek.

6. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

7. Defendants did not make a good faith effort to comply with the overtime requirements of the FLSA.

8. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

9. Defendant Joseph Bordonaro is the owner and control person of J & MB, LP d/b/a Kwik Kar at Champions. While Mills worked for Defendants, Bordonaro was personally involved in the day-to-day operations of the business, including the establishment and enforcement of personnel policies, compensation policies, and record keeping responsibilities of J & MB, LP d/b/a Kwik Kar at Champions.

10. Defendant Joseph Bordonaro had the authority to hire, discipline, and fire employees, and to determine employee compensation.

## Plaintiff's Allegations

11. Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek.

12. No exemption excused the Defendants from paying Plaintiff the overtime rates for all hours worked over 40 per workweek. In addition, the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff.

## CAUSES OF ACTION

## Violation of the FLSA – Failure to Pay Overtime Wages Owed

13. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed as their employee.

14. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

15. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, costs, and attorney's fees under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Jury Demand

16. Plaintiff demands a trial by jury on all claims so triable.

## Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable law; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

/s/ Josef F. Buenker
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF JEREMY MILLS**

**OF COUNSEL:**
Vijay A. Pattisapu
TBA No. 24083633
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018

713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
JEREMY MILLS**